PETITION OF VERNON M. BOE.

No. 12017.
Decided Feb. 8, 1971.
481 P.2d 45.

MEMO OPINION

PER CURIAM:

This is a petition by Vernon M. Boe, an inmate of Montana State Prison, appearing pro se, to obtain a writ of habeas corpus.

Petitioner, Vernon M. Boe, was convicted of statutory rape by a jury verdict on November 8, 1962. Petitioner appealed to the Montana Supreme Court after his trial and the district court judgment was affirmed December 20, 1963 in State v. Boe, 143 Mont. 141, 388 P.2d 372.

In this petition petitioner raises five issues which he alleges are errors committed in the district court proceedings entitling him to release. These five errors can be categorized as follows:

1. The State of Montana does not have jurisdiction over Indians;

2. The district court should have ordered a change of venue, because newspaper publicity of the case prejudiced petitioner's right to a fair trial;

3. Petitioner received inadequate counsel at trial;

4. Petitioner was coerced and did not understand his "not guilty" plea of November 20, 1961;

5. No Indians were on the jury thereby unconstitutionally discriminating against defendant.

The five issues will be disposed of in the order presented above.

Issue number one. State jurisdiction over Indians for offenses committed off a federal reservation has been established in State v. Youpee, 103 Mont. 86, 97, 98, 61 P.2d 832, 836. The Youpee case held:

"There are numerous decisions in other state jurisdictions in harmony with ours, and a few to the contrary, and by the great preponderance of authority it is held that, as to crimes committed by Indians within a state, but without the bounds of 'Indian country' or other lands under the control of the United States, as heretofore referred to, it is within the exclusive jurisdiction of the state to try and punish such Indians."

Issue number two. With regard to newspaper publicity prejudicing the jury, this Court has said:

"Newspapers do, no doubt, affect public opinion in matters upon which they take a decided stand; but before their effect can be pronounced so baneful and highly prejudicial as to warrant a change of venue, it must be shown that they were passionate enough to excite undue prejudice, to the extent of rendering it impossible for an accused to secure a jury free from exception." State v. Bess, 60 Mont. 558, 569, 199 P. 426, 429.

Prejudice to such extent has not been shown in this petition.

Issue number three. Defendant makes numerous accusations regarding the inadequacy of his counsel at trial, however as stated in Petition of Heiser, 148 Mont. 149, 150, 418 P.2d 202, "The now familiar refrain of ineffective counsel has caused this Court to re-examine the transcript of trial proceedings in an effort to glean even a suggestion of verity to the accusations. We find none and refuse to dignify the assertions in petitioner's long rambling writings by their repetition." This petition is of the same cloth, and the quotation above is inserted only to emphasize the point.

Issue number four. The trial record discloses there was nothing hurried in the trial court proceedings, and able counsel did not mislead the petitioner, nor are any facts shown tending to prove petitioner did not understand the full import of his "not guilty" plea of November 20, 1961. Therefore, this Court does not find merit to this issue as in similar other petitions. State v. Amor, 143 Mont. 526, 392 P.2d 81; Petition of Hammer, 143 Mont. 496, 391 P.2d 882.

Issue number five. The principal has been broadly stated by the United States Supreme Court:

"For racial discrimination to result in the exclusion from jury service of otherwise qualified groups not only violates our Constitution and the laws enacted under it but is at war with our basic concepts of a democratic society and a representative government." Smith v. Texas, 311 U.S. 128, 130, 61 S.Ct. 164, 165, 85 L.Ed. 84.

However, the United States Supreme Court has also said:

"But purposeful discrimination may not be assumed or merely asserted." Swain v. Alabama, 380 U.S. 202, 205, 85 S.Ct. 824, 827, 13 L.Ed.2d 759.

In the present petition, petitioner merely asserts he was discriminated against because there were no Indians on the jury at his trial, but he does not state facts demonstrating that Indians were purposefully excluded from the jury empanelling list. Therefore, petitioner failed to meet the burden of proof.

Petitioner makes other assertions of error in the trial court proceedings, however this Court reviewed those issues in State v. Boe, 143 Mont. 141, 388 P.2d 372 and does not choose to repeat the conclusions reached in that decision.

Petition denied.